CULPEPPER, Judge.
This is a suit for damages for_ personal injuries arising out of a head-on collision between a Comet automobile and a pickup truck. Plaintiffs are Mrs. Laura Belgard and Mrs. Viola Gates, guest passengers in the Comet automobile driven by Mrs. Cly-die Jean Shirley, another plaintiff. Also joining as plaintiffs, to recover damages suffered by their respective marital communities, are Mr. Kenneth Shirley and Mr. Thomas E. Gates.
Defendants are Mr. Guvie S. Thornhill, driver of the pickup truck, and his liability insurer, Aetna Casualty & Surety Company. Thornhill filed a reconventional demand against Mr. and Mrs. Shirley and a third party demand against his insurer, Aetna, under the uninsured motorist clause. Aetna filed a third party demand against Mr. and Mrs. Shirley for indemnity.
After a trial on the merits, the district judge found neither driver was negligent and rejected all demands. All parties appealed devolutively.
MOTION TO DISMISS PLAINTIFFS’ APPEAL
The defendant Thornhill filed in this court a motion to dismiss plaintiffs’ appeal, on the grounds that they failed to furnish the required devolutive appeal bond in the sum of $250. The facts show that judgment was signed on February 4, 1969. On that same date, plaintiffs obtained an order for a devolutive appeal, conditioned on their furnishing bond in the sum of $250. Subsequently, Thornhill and Aetna also obtained separate orders for devolutive appeals, on furnishing bond for $250 each.
Plaintiffs did not furnish bond within 90 days as required by LSA-C.C.P. Article 2087. However, both Thornhill and Aetna did post bond timely.
Defendant cites Orrell v. Southern Farm Bureau Casualty Insurance Company 248 La. 576, 180 So.2d 710 (1965) in which plaintiff appellant failed to furnish a de-volutive appeal bond in accordance with the *26 order of the trial court. This deficiency was not brought to the attention of the Court of Appeal, which reversed and rendered judgment for the plaintiff. While the case was pending on application for writs to the Supreme Court, a motion to dismiss the appeal was filed. Granting the motion, the Supreme Court held:
“Albeit there have been some expressions in the decisions of the Courts of Appeal and this Court to the contrary, we consider it to be now well settled that the failure to perfect an appeal by the timely filing of the appeal bond is jurisdictional and that the appellate court can never acquire jurisdiction of an appeal unless the bond for the appeal is filed within the time prescribed by law.” (Citations omitted)
In opposition to the motion to dismiss their appeal, plaintiffs first argue that since both defendants, Thornhill and Aetna, timely perfected their devolutive appeals by filing the required bonds of $250 each, the appeal of plaintiffs should be considered as an answer to the appeals by defendants. Plaintiffs point out that LSA-C.C.P. Article 2133 does not require that an answer to an appeal be in any particular form. They say the principal purpose of an answer to the appeal is to put the opposing parties on notice of the relief sought and this has been done. They argue that defendants will not be prejudiced and that equity favors them. They cite jurisprudence for the general rule that appeals are favored in the law.
After careful consideration, we ultimately decide we cannot consider plaintiffs’ appeal as an answer to the appeal. These are two separate and different procedural devices, having different purposes and entirely different rules. A mere reading of LSA-C.C.P. Articles 2121-2132, pertaining to appeals, and LSA-C.C.P. Article 2133, the only article dealing with answers to an appeal, will show the differences in purpose, procedure, delays, scope of review, security required, etc. Each of these two procedural devices is clearly defined and serves its own purpose. If we were to make an exception in this case and consider an unperfected appeal as being an answer to the appeal, it would lead to great confusion in our procedural law.
Plaintiffs next argue that defendant’s motion to dismiss the appeal was not filed within 3 days of the return date, ol the date on which the record was lodged in the appellate court, as required by LSA-C. C.P. Article 2161. This argument has no merit. The cited article is limited to “any .^irregularity, error, or defect which is imputable to the appellant. * * * ” Our jurisprudence is established that the failure to perfect an appeal by timely filing the bond is not a mere “irregularity, error or defect” as contemplated by Article 2161. It is a jurisdictional deficiency, the effect of which is that the appellate court does not acquire jurisdiction of the appeal. Hence, the 3-day delay provided by Article 2161 has no application here. See Orrell v. So. Farm Bureau Casualty Insurance Company, supra, and the authorities cited therein.
Plaintiff seeks to avoid the effect of the Orrell case and authorities cited therein by saying that here the two defendants, Thornhill and Aetna, perfected their appeals by filing bonds and hence the appellate court has acquired jurisdiction of the “case." They argue that under LSA-C.C.P. Article 2088 the appellate court can review “all matters” in a case of which it acquires jurisdiction. This argument has no merit. Under the express language of LSA-C.C. P. Article 2088 the appellate court does not review all matters in every case but only those matters which are “reviewable under the appeal.” Issues which are not before the court under an appeal, or answer to the appeal, are not reviewable. A reading of the Comments to the 1964 Amendment of LSA-C.C.P. Article 2088 shows that one of the purposes of this amendment was to expressly state that the appellate court does not acquire jurisdiction over all issues in a case but only those matters which are *27 reviewable under the appeal taken. There are many cases in whiph appeals and answers to appeals have been dismissed although the court had jurisdiction under other appeals in the same case. See, for instance, State through Department of Highways v. Reuter, La.App., 175 So.2d 316; Texas Gas Transmission Corporation v. Hebert, La.App., 207 So.2d 368; and Barrois v. Noto, La.App., 215 So.2d 676.
Finally, plaintiffs argue that under Hernandez v. Ethyle Corporation, La.App., 83 So.2d 150 (1st Cir. 1955, writ of certiorari denied) and similar cases, the filing of devolutive appeal bonds by defendants relieves plaintiff of the requirement of filing a similar bond. In Hernandez, 520 employees filed suit for a free lunch period under the Federal Fair Labor Standards Act. After adverse judgment, plaintiffs filed a joint motion for devolutive appeal pursuant to which a single order issued granting the appeal, conditioned on each plaintiff furnishing bond in the sum of $50. Only 220 plaintiffs filed a bond. Defendant moved to dismiss the appeal of the 300 plaintiffs who did not file a bond. Citing previous cases, the court held that where there are multiple appellants from a single judgment who file a joint motion for appeal and obtain a single order requiring security for costs, the perfection of this appeal, by the posting of the required security by any one or more appellants, also perfects the appeal as to those who do not furnish bond.
Hernandez is distinguishable from the present case. Here we do not have multiple appellants whose interests are the same. Instead, we have appellants with conflicting interests, separate motions for appeal, separate orders for appeal and requirements for the furnishing of security for separate and different appeals. The same court which decided Hernandez has refused to extend its holding to the present situation. In re Investigation of Possible Violation of the Civil Service Law by E. D. Wingate et al., La.App., 189 So.2d 1 (1st Cir. 1965, writ of certiorari refused), involved multiple appellants who filed separate motions for appeal and obtained separate orders requiring separate bonds. The court dismissed the appeals of those who failed to furnish bond.
For the reasons stated, plaintiffs’ appeal is dismissed.
ISSUES OF NEGLIGENCE
We now consider Thornhill’s reconven-tional demand against Mr. and Mrs. Shirley and his third party demand against Aetna under the uninsured motorists coverage. The initial issue here is negligence on the part of either or both of the drivers.
The accident occurred during clear, dry weather at about 3:30 p. m. on Louisiana Highway #28 about 11 miles east of Pine-ville. This is a two-way, two-lane highway, running generally east and west. It is of blacktop construction, 20 feet in width, with graveled shoulders on each side.
The general facts are as follows: Mrs. Shirley, with Mrs. Belgard and Mrs. Gate as passengers, was driving her Comet automobile in an easterly direction at a speed of about 50 miles per hour, following several vehicles ahead of her. She applied her brakes and skidded a measured distance of 105 feet, veering at the end toward the center of the highway. Mr. Thornhill was driving his pickup truck in a westerly direction. The left front of the truck struck the right front of the Comet. After the impact, the Comet spun around counter-clockwise and came to rest facing south, on the south shoulder of the highway, very near the point of impact. The pickup truck, after striking the Comet, continued west a little more than 100 feet and also came to rest, facing south, on the south shoulder of the highway.
The primary factual issue is whether the impact occurred in the eastbound (Mrs. Shirley’s) or the westbound, (Mr. Thorn-hill’s) lane of traffic. Plaintiffs’ version of the accident is that Mrs. Shirley was gradually applying her brakes for the traf- *28 fi.c in her lane, which was two or three blocks ahead. She suddenly saw Thorn-hill’s truck come over into her lane about one-half block away, causing her to apply her brakes and leave the skid mark measuring 105 feet. Mrs. Shirley and her two passengers testified they never left their lane of traffic.
Four state troopers corroborate plaintiffs’ version. They testify generally that, since most of the debris was found in the eastbound lane, the collision probably occurred there.
Mr. Alvin Doyle, Jr., an expert in accident reconstruction, also testified for plaintiffs. He was of the opinion that the skid mark left by the Comet was caused by the right front wheel locking when the brakes were applied. This tire mark, 105 feet in length, is entirely in the eastbound lane. It runs generally along and about one foot from the south edge of the pavement and then veers to the left. Mr. Doyle says the skid mark ends a distance of about three feet from the south edge of the pavement. He contends that with the right front wheel of the Comet in that position at the time of impact the automobile, which is approximately six feet in width and 16 feet long, was entirely in the eastbound lane of traffic, which is ten feet in width.
On the other hand, Thornhill’s version of the accident is as follows: He was driving in a westerly direction at a speed of about 50 miles per hour. He saw the car ahead of the Shirley vehicle slow down, causing Mrs. Shirley to start braking. At first he thought Mrs. Shirley could control her automobile but then she started skidding and veered into his lane when he was only about 100 feet from her. Being unable to stop, the left front of his truck struck the right front of the Comet in his lane, causing the Comet to spin counter-clockwise.
Defendant also introduced the testimony of an expert in accident reconstruction. Dr. William H. Tonns, Jr. testified the skid mark was made by the right rear wheel of the Comet. Because of the angle of the automobile on the road at the time of impact, this would place the vehicle (approximately 16 feet in length) across the center of the highway.
The trial judge found the collision occurred in the westbound lane and in the manner described by Mr. Thornhill and Dr. Tonns. The judge mentioned particularly that the left front of the truck struck the right front of the Comet. It is physically impossible for the vehicles to have collided in such a manner if the point of impact was in the eastbound lane. With another vehicle admittedly in front of the Comet, it was virtually impossible for Thornhill to pass that vehicle and then move almost to the south side of the highway in order to then turn back to the right in such a manner that the left front of the truck could have struck the right front of the Comet automobile.
Considering all of the evidence, the trial judge concluded, and we agree, that Mrs. Shirley applied her brakes when she saw the car ahead of her was going to stop or slow down. The right rear wheel of her vehicle locked, causing the one skid mark observed on the highway. Her automobile veered to the left and the front end went into the westbound lane of traffic where it was struck by Thornhill. The Comet automobile was at an angle and the force of the truck, which was going approximately 50 miles per hour, caused the Comet to pivot in a counter-clockwise movement.
Although the trial judge found Mrs. Shirley was in the wrong lane of traffic, he concluded the presumption of negligence resulting from this fact is overcome by evidence that “she was fully justified in applying her brakes when she saw the vehicle ahead of her slowing down or stopping.” The opinion of the district court cites several cases holding the party in the wrong lane of traffic was free of negligence where the cause of his crossing into the wrong lane was an emergency not reasonably foreseeable under the circumstances, Henderson v. Shewbart, La.App., *29 112 So.2d 727 (1st Cir. 1959); State Farm Mutual Automobile Insurance Company v. Hamilton, La.App., 91 So.2d 438 (2d Cir. 1956); Schaubhut v. Liberty Mutual Insurance Company, La.App., 157 So.2d 346 (3rd Cir. 1963).
 After carefully reviewing the record, we find no evidence that the vehicle ahead of Mrs. Shirley slowed or stopped suddenly, or that any other traffic condition caused an emergency not reasonably foreseeable by her. Mrs. Shirley and her two passengers testified the vehicle ahead was two or three blocks away. They do not say she applied her brakes because it slowed or stopped suddenly. They say she applied her brakes because Thornhill came into their lane of traffic. But the trial judge found, and we affirm, that Thornhill did not cross into the wrong lane.
Furthermore, Thornhill does not say that the vehicle ahead of Mrs. Shirley stopped or slowed suddenly or created any unforeseeable emergency. He testified he saw the vehicle ahead of her and then saw Mrs. Shirley slowing down. She was in her lane and he thought at first she was going to be able to keep her vehicle under control. He then goes on to relate that Mrs. Shirley finally lost control and skidded into his lane of traffic.
Applicable here is the established jurisprudence that where a motorist goes into the wrong traffic lane, and there causes an accident, he is presumed to be negligent. He has the burden of showing there were circumstances justifying his violation of the rule that he drive on the right side of the road. Duet v. Cheramie, 176 So.2d 667 (1st Cir. 1965); Brown v. Head, 158 So.2d 442 (2d Cir. 1963); Coody v. Nicholson, 142 So.2d 583 (2d Cir. 1962); Schaubhut v. Liberty Mutual Insurance Company, 157 So.2d 346 (3rd Cir. 1963); Noland v. Liberty Mutual Insurance Company, 232 La. 569, 94 So.2d 671 (1957). Applying this rule to the present case, Mrs. Shirley is presumed negligent. There is no evidence to justify or excuse her loosing control of her vehicle and skidding into the wrong lane of traffic.
The district judge found Thornhill free of negligence. With this conclusion we agree. Mrs. Shirley crossed into his lane when he was only about 100 feet away. He could not reasonably foresee or avoid the hazard she created.
Mr. Thornhill is entitled to recover on his reconventional demand against Mr. and Mrs. Shirley and also on his third party demand against Aetna, under the uninsured motorist coverage. Aetna is entitled to indemnity from Mr. and Mrs. Shirley.
QUANTUM
As a result of the accident, Mr. Thornhill, who is 53 years of age, suffered a laceration of the right eyelid, which was sutured, bruises of the chest, multiple fractures of the calcis (heel bone) of the right ankle, and a fracture of the lateral tibial plateau of the left knee. The left leg was placed in a long cast. The right heel bone required open reduction, surgical pins and a short cast. He remained in the hospital from the date of the accident, November 16, 1967, until November 24, 1967. The casts were removed on January 11, 1968 and thereafter he used crutches until about February 8, 1968. By November 8, 1968 he had recovered from all injuries except that to his right heel. He could walk but with a limp and with pain. The medical prognosis is that he will probably lose some motion of the heel and may need future surgery if pain persists. He will not be disabled from returning to his work, as a building contractor on a modest scale.
Under the circumstances, we think an award of $10,000 in general damages is fully justified. The medical expense is $908.05. The total damage is $10,980.05.
Aetna’s coverage for uninsured motorists is limited to $5,000 for each person.
Mr. Thornhill denominated his action against Aetna as a “Third Party Demand” *30 tinder its uninsured motorist coverage. Technically, since Aetna is not liable to Thornhill for all or part of the principal demand, LSA-C.C.P. Art. 1111, this is not a third-party demand. However, despite the miscaption, it can be treated as a recon-ventional demand against a party other than those to the principal action whose presence is required for the granting of complete relief under the reconventional demand, LSA-C.C.P. Art. 1064; Lawton v. Cain, 172 So.2d 734 (2d Cir. 1964). For these reasons, we will treat the Thornhill pleadings as reconventional demands against both the Shirleys and Aetna.
DECREE
For the reasons assigned, the devolutive appeal of the plaintiffs, Mrs. Laura Bel-gard, et al., is dismissed.
The judgment appealed is reversed and set aside.
Judgment is rendered in favor of Guvie S. Thornhill, plaintiff in reconvention, and against Kenneth Shirley, Mrs. Clydie J. Shirley, and Aetna Casualty and Surety Company, defendants in reconvention, jointly and in solido, for the sum of $10,-908.05, together with legal interest from date of judicial demand until paid, the liability of Aetna being limited to its policy coverage of $5,000.
Judgment is further rendered in favor of Aetna Casualty and Surety Company on its third-party demand against Kenneth Shirley and Clydie J. Shirley, indemnifying Aetna to the full extent of any damages suffered by it as a result of the judgment against Mr. and Mrs. Shirley.
The expert witness fees of Dr. William Tonns, Jr. and Mr. Alvin Doyle, Jr. are fixed at the sum of $75 each and the fee of Dr. Ray Beurlot at the sum of $50, and these fees are assessed as costs.
All costs of the lower court, as well as the costs of this appeal are assessed against Kenneth Shirley, Mrs. Clydie Jean Shirley and Aetna Casualty and Surety Company.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.