338 So.2d 358 (1976)
Gaston BUTAUD, Jr., et al., Plaintiffs and Appellees,
v.
CITY OF LAKE CHARLES, Defendant and Appellant.
No. 5606.
Court of Appeal of Louisiana, Third Circuit.
September 29, 1976.
Rehearing Denied November 4, 1976.
*359 McHale & Bufkin by Louis D. Bufkin, Lake Charles, for defendant and appellant.
William L. McLeod of Kimball, McLeod & Dow, Lake Charles, for plaintiffs and appellees.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
CULPEPPER, Judge.
This is a companion case to Stanford v. City of Lake Charles, 338 So.2d 362 in which a separate decision is being rendered by us this date. These two cases, which were consolidated for trial and appeal, are actions to enjoin enforcement of a city ordinance levying paving assessments. The plaintiffs, 18 in number, are the owners of residential lots abutting Prien Lake Road between Second and Fifth Avenues in Lake Charles. They contend the paving assessments against their respective lots are invalid under the provisions of LSA-R.S. 33:3306(A) which require that each lot be benefited to an amount not less than its assessment.
The trial court rejected the demands of the three plaintiffs who own lots in the commercial zone on the south side of the road. As to the remaining plaintiffs, who own lots in the residential zone on the north side of the road, the trial court remanded this case to the City Council of Lake Charles for it to proceed, at its option, to make assessments consistent with the trial court's oral reasons for judgment. Defendant appealed. Plaintiffs answered the appeal, praying that the judgment of the trial court be modified to nullify the subject paving assessment.
Before reaching the merits, we must dispose of two procedural matters. First, we are faced with a motion to dismiss the appeal of the three plaintiffs whose actions were dismissed by the trial court. These three plaintiffs are Albert L. Kingham, James M. Kingham, Jr. and Mark Wesley Kingham, each an owner of property abutting the south side of Prien Lake Road between Second Avenue and Fifth Avenue. The ground alleged for dismissal of these appeals, failure to post an appeal bond, is supported by the record. Failure to perfect an appeal by the timely filing of the appeal bond prevents the appellate court from acquiring jurisdiction. Belgard v. Aetna Casualty & Surety Company, 227 So.2d 24 (La.App.3rd Cir. 1969). Therefore, the motion to dismiss the appeal of the three Kingham plaintiffs is granted.
The second preliminary matter is the question of whether the trial court had authority to render a judgment remanding these cases to the Lake Charles City Council for it to proceed, at its option, to make assessments against plaintiffs' property consistent with the court's oral reasons for judgment. All parties agree that the trial court had no authority to render such a judgment. We find no basis in our law to support a remand from a court to a legislative body for further legislative action in accordance with the views of the court.
Having disposed of these two procedural matters, we now address the merits. The issue is whether the City Council abused its legislative discretion by determining that the real estate to be assessed was benefited by the subject paving project to the extent of $35 per front foot.
*360 The evidence shows that Prien Lake Road is and for several years has been a major traffic artery for vehicles traveling east and west in the southern area of the City of Lake Charles. In 1973, the City began execution of its plan to pave and improve a portion of Prien Lake Road between Second Avenue and Fifth Avenue. The proposed improvements of Prien Lake Road included the following: (1) Replacing a two-lane asphalt road surface with a four-lane concrete surface. (2) Construction of a "drive-over" type of curb along both sides of the road. (3) Elimination of roadside drainage ditches by installation of a subterranean drainage system. (4) Construction of a sidewalk.
The property abutting the north side of Prien Lake Road between Second and Fifth consists of residential lots which have been improved with brick homes. The vehicular entrances to these lots have always been from a paved alley running behind the homes. The residences were not constructed with driveways leading to Prien Lake Road. This property is zoned for residential use only and, as a part of the Oak Park Subdivision, is subject to its restrictive covenants prohibiting commercial use. The property abutting the south side of Prien Lake Road between Second and Fifth is zoned for commercial use.
Pursuant to statutory requirements (LSA-R.S. 33:3301, et seq.), the City of Lake Charles gave the requisite public notice of its intent to make the improvements and scheduled dates for hearing objections to the proposal. The routine aspects of the paving project, including acceptance of bids and the award of the construction contract, were considered by the Council at several of its meetings between July 18, 1973 and March 20, 1974. No objection to the proposed improvements are noted in the minutes of the City Council meetings prior to March 20, 1974.
On March 20, 1974, the City Council adopted Ordinance No. 4916, wherein the Council accepted an engineer's report detailing all expenses of the paving project. The ordinance also provides that "a determination is hereby made that each lot or parcel of real estate to be assessed will be benefited to an amount not less than the proposed . . . special assessment."
The amount of the proposed special assessment was $35 per front foot. The vote of the Council on this ordinance was four to three in favor of its passage, with all seven members present and voting.
The minutes of the March 20 Council meeting state that counsel for plaintiffs spoke opposing the ordinance. This is the first opposition to the paving project noted in the minutes of the meetings of the City Council. The evidence indicates, however, that plaintiffs were present at several City Council meetings. The vote on acceptance of the engineer's report was postponed twice to allow opponents of the measure an opportunity to voice their objections.
On July 3, 1974, the City Council adopted Ordinance No. 4975 levying the assessments of $35 per front foot, which are the subject of this lawsuit. The paving project has since been completed.
Municipalities are specifically granted the power to pave and improve streets and assess abutting property owners for the cost of these improvements. LSA-R.S. 33:3301. Prior to 1970, the full cost of street improvements could be assessed against abutting property in proportion to front footage. In 1970, the legislature added a new requirement that paving assessments not exceed the amount of benefit to the assessed property. Specifically, Louisiana Revised Statute 33:3306(A) provides in pertinent part:
"Upon receipt of a certified statement or report of the engineer * * * the governing authority shall review said certified statement or report, including the proposed local or special assessments, and thereafter shall make a determination as to whether each lot or parcel of real estate to be assessed will be benefited to an amount not less than the proposed local or special assessment. Proposed assessments that are found by the governing authority to have been erroneously assessed or for which the governing authority does not find said benefit shall be *361 deleted from said certified statement or report * * *."
Clearly, Section 3306(A) establishes the determination of benefits to the assessed property as a legislative function. Our review of this type legislative determination is severely restricted to prevent usurpation of the legislative power by the courts. A court cannot interfere with legislative discretion or substitute its judgment for that of a legislative body, except where the action of the legislative body is clearly arbitrary and capricious. The burden of proving that the legislative body acted arbitrarily or capriciously rests on the party attacking the legislative determination. The party attacking the determination must prove that there was "no room for a difference of opinion and that there was no substantial evidence on which the legislative action could be taken." Hunter v. City of Shreveport, 216 So.2d 140 (La.App.2d Cir. 1968); Olsen v. City of Baton Rouge, 247 So.2d 889 (La.App.1st Cir. 1971), writ refused 259 La. 755, 252 So.2d 454 (1971).
There is no doubt that the property abutting Prien Lake Road at the site of this paving project was benefited. The aesthetic benefits are obvious. A crumbling, uneven black asphalt surface was replaced with a smooth, neat concrete surface with curbs. Unsightly roadside drainage ditches were replaced with a subterranean drainage system. The trial court recognized these benefits by making the following statement in his oral reasons for judgment:
"There is no question in the court's mind that insofar as the people living on the north side of Prien Lake Road, that from an aesthetic viewpoint, there is a great improvement."
Other benefits are not immediately apparent, but are nevertheless substantial. The testimony of the Lake Charles fire chief shows that the widening of the street from two lanes to four lanes improves accessibility for firefighting equipment. The testimony of the City Sanitarian explains that the elimination of the drainage ditches deprived mosquitos of a breeding ground which they enjoyed before the road was improved. In addition, a "drive-over" type curb along the edges of the road and the elimination of ditches facilitates construction of driveways by the owners of property abutting Prien Lake Road.
The expert appraiser employed by the City Council to determine the extent of benefits from the paving projects estimated that amount to be $28.50 per front foot. He announced this finding at the March 20, 1974 meeting of the Lake Charles City Council. Acting on the basis of this estimate, and after consulting various department heads and other advisors, and listening to plaintiffs' objections, four of the seven City Councilmen voted for acceptance of the ordinance declaring that the benefit to the assessed property exceeded the amount of the proposed paving assessment. At a subsequent meeting, five of Lake Charles' seven City Councilmen voted in favor of the ordinance actually levying an assessment of $35 per front foot.
Each of the four councilmen who voted in favor of the ordinance accepting the engineer's report knew of the statutory requirement that paving assessments not exceed the amount of benefit to the assessed property. Each of the four councilmen testified that he discussed the matter of the paving assessment with various city department heads, or other advisors. Each of these four councilmen was asked the pivotal question of whether he thought the property abutting the Prien Lake Road improvement was benefited to the extent of $35 per front foot. Each answered affirmatively.
The record as a whole shows the Council considered the matter carefully over a period of several months. There was ample evidence that plaintiffs' properties were benefited substantially. Essentially, the issue before the Council was whether the benefit was as much as $35 per front foot. Mr. Coleman, the appraiser employed by the Council, estimated the benefit as "at least" $28.50. This is so close to the figure of $35 approved by the Council that we, as a court reviewing a legislative determination, cannot say the Council acted arbitrarily on this basis.
*362 Plaintiffs argue that the improvement of Prien Lake Road actually decreased the value of their property. They state that the improvement of Prien Lake Road caused an increase of its already heavy volume of traffic. The increase in traffic volume, according to plaintiffs, resulted in an ordinance banning the parking on Prien Lake Road. In addition, the heavy flow of traffic is said to impede plaintiffs' ingress and egress to Prien Lake Road.
These arguments are not persuasive. The evidence adduced at trial indicates that parking on Prien Lake Road was prohibited by ordinance before the road was widened to four lanes.
If the paving of Prien Lake Road had any effect on ingress and egress to the plaintiffs' property, it was a beneficial effect. As a result of the paving project, roadside ditches were eliminated and drive-over curbs were installed. These two features of the paving project facilitate construction of driveways onto Prien Lake Road from plaintiff's property without the necessity of installing culverts in the roadside ditches.
One aspect of the evidence adduced at the trial of this case deserves mention at this point. The testimony of the City Councilmen and other City officials reveals that one of the prime considerations in arriving at the assessment of $35 per front foot was that it was the "going rate" for residential paving assessments in Lake Charles. Nevertheless, we determine that the City Council did not abuse its legislative discretion in levying assessments of $35 per front foot. There was substantial evidence before the Council to support this figure.
For the reasons assigned, the appeal by A. L. Kingman, J. M. Kingman, Jr. and M. W. Kingman is dismissed at their cost. The judgment of the district court is reversed and set aside. Judgment is now rendered in favor of the defendant, City of Lake Charles, and against the remaining plaintiffs, rejecting their demands. All costs in the trial and appellate courts are assessed against the plaintiffs.
REVERSED AND RENDERED.