PER CURIAM.
Defendant Jesse Lee Brumfield was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. On March 10,1980, defendant withdrew his former plea of not guilty and pleaded guilty to a reduced charge of manslaughter. On April 30, 1980, the trial court, having studied a presentence investigation report on defendant, sentenced him to serve twenty-one years at hard labor, the maximum term provided for the offense of manslaughter. See, La. R.S. 14:31. On appeal defendant argues by two assignments of error that the sentence was excessive and that the trial court did not make an adequate statement of sentencing reasons under La. C.Cr.P. Art. 894.1.
We are unable to review defendant’s claim of excessiveness, State v. Sepulvado, 367 So.2d 762 (La.1979), because the trial judge did not state for the record the considerations taken into account in imposing sentence, as required by La. C.Cr.P. Art. 894.1(C). See, State v. Bourgeois, 338 So.2d 359 (La.1980). Reference to the presen-tence investigation report, to which the trial judge adverted, does not explain the imposition of the maximum penalty on this 19-year-old first offender. When the reasons for an apparently severe sentence are not reflected on the record, it has been our practice to vacate the sentence and remand the case for resentencing with a full statement of the factual basis therefor. See, State v. Wright, 384 So.2d 399 (La.1980); State v. Cox, 369 So.2d 118 (La.1979); State v. Jackson, 360 So.2d 842 (La.1978).
Accordingly, defendant’s conviction is affirmed, but the sentence is set aside and the *1336 case is remanded for resentencing in accordance with law.