525 So.2d 1251 (1988)
STATE of Louisiana
v.
Robin McLEAN, and One, Rita Denise Canty.
No. 87 KA 1469.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*1252 Mark Rhodes, Asst. Dist. Atty., Houma, for plaintiff and appelleeState of La.
Anthony Champagne, Indigent Defendant, Houma, for defendants and appellants Robin Ann McLean and Rita D. Canty.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
Robin Ann McLean (a/k/a Robin Ann Chambers) and Rita Denise Canty were jointly charged by bill of information with theft of an amount in excess of one hundred dollars, in violation of La.R.S. 14:67.[1] Both women pled not guilty and, *1253 after being jointly tried by a jury, were found guilty as charged. Each defendant received a sentence of two years imprisonment at hard labor. Both defendants have appealed their convictions and sentences, alleging the following assignments of error:
1. The trial court erred in denying defendants' challenge for cause of prospective juror, Alberta Bergeron.
2. The trial court erred in denying defendants' challenge for cause of prospective juror, Betty Dupre.
3. The trial court erred in denying defendants' challenge for cause of prospective juror, Alberta Bergeron.
4. Abandoned in brief.
5. The jury's verdict was contrary to the law and evidence.
6. The sentences imposed were excessive and amounted to cruel and unusual punishment.

FACTS
On the evening of July 17, 1986, at approximately 5:30 p.m., Trent Picou and Jeffrey Bryant were working as gas station attendants at Harry's Exxon on Main Street in Houma, Louisiana. Trent was in the restroom and Jeffrey was in the station office when a vehicle drove up to the full service gasoline pumps. Herbert Mitchell was the driver. Haywood Matthews, Richard Livas and defendants herein were passengers. Defendants and Mitchell entered the office. Mitchell requested the key to the restroom and walked out, and defendants requested change. Haywood Matthews went into the bay area of the service station to look at a motorcycle.
Jeffrey opened the cash register and gave the defendants two dimes and a nickel in exchange for their quarter. The defendants again requested change, this time for a dime, whereupon Jeffrey again opened the register and gave them two nickels. Defendants began to fidget with the candy machine, and Jeffrey walked out to the pumps in order to put the requested $2.00 worth of gasoline in Mitchell's vehicle. While pumping gasoline, Jeffrey looked toward the office window and saw defendants jump back and away from the cash register and feign interest in the candy machine.
Trent Picou exited the restroom and asked Jeffrey whether or not he needed assistance, and Jeffrey replied he did not as he was pumping a mere $2.00 worth of gasoline into the car.
Defendants, Mitchell, Matthews and Livas got into the car, and one of them threw $2.00 cash out of the car window as the vehicle drove away. Immediately thereafter, Jeffrey and Trent noticed that the cash register had been emptied of all cash it had previously contained, and they called in a report to the Sheriff's Office. Trent testified that the cash register contained approximately $400.00 immediately prior to the arrival of the Mitchell vehicle and its occupants.
Mitchell testified on behalf of the state. He stated that the defendants offered him $50.00 to "speed up" as they were leaving the Exxon station. He stated that he did not know whether or not the defendants had taken the money out of the register but that he saw them "around the register" and they offered him $50.00 soon thereafter.
Detective Randy Pijor responded to a "BOLO"[2] and apprehended Mitchell, defendants and the other two occupants of the vehicle. The five were transported to the Sheriff's Office by Deputies Huey Usie and Mike Dean. Defendants were subsequently positively identified by Trent Picou and Jeffrey Bryant. Detective Pijor testified that Mitchell stated to him that Mitchell had told the defendants not to take the money and that "I told you we'd get into trouble."
Each defendant was individually, and unaccompanied, allowed to use the restroom while a uniformed law enforcement officer stood guard outside the restroom door. Defendants were later searched, but no money was found on their persons.
*1254 Harry Robinson, the owner of the Exxon station, testified that the two attendants were valued and trusted employees. He stated unequivocally that the two had never stolen money from the register during their employment at the station.

ASSIGNMENTS OF ERROR NUMBERS ONE, TWO AND THREE
By these assignments of error, defendants contend that the trial court erred in denying their challenges for cause of prospective jurors, Alberta Bergeron and Betty Dupre.
Prior to La. Acts 1983, No. 181, in order to prove reversible error, a defendant needed to show two things: 1) that the trial court erred in refusing to sustain a challenge for cause made by him, and 2) that he exhausted all of his peremptory challenges. State v. Robertson, 518 So.2d 579 (La.App. 1st Cir.1987). However, Act 181, § 1, of the 1983 Regular Session amended La.C.Cr.P. art. 800 by removing the requirement that a defendant exhaust all of his peremptory challenges before complaining of a ruling refusing to sustain a challenge for cause. In the instant case, although defendants did not exhaust all of their peremptory challenges, such a fact need not be shown in order to obtain review of the trial court's ruling on challenges for cause. State v. Robertson, supra.
A trial court is vested with great discretion in ruling on challenges for cause, and that ruling will not be disturbed unless a review of the voir dire as a whole indicates an abuse of that discretion. State v. Allen, 380 So.2d 28, 30 (La.1980); State v. Harris, 518 So.2d 590, 595 (La.App. 1st Cir.1987); State v. Burge, 498 So.2d 196, 204 (La.App. 1st Cir.1986). Nonetheless, service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause, although such association does not automatically disqualify a prospective juror. State v. Robertson, supra.
La.C.Cr.P. art. 797 provides that a juror may be excused for cause on either of the following pertinent grounds:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
* * * * * *
In brief, defendants contend the trial court should have granted the challenges for cause in regard to Alberta Bergeron because she had a relative working in the Terrebonne Parish District Attorney's Office, and had been the victim of a theft. On voir dire examination, Ms. Bergeron testified that she had a first cousin who worked for the Terrebonne Parish District Attorney's Office and that she had another cousin who is an attorney in the same parish. She further testified that her family had been the victim of several thefts; ten bicycles were stolen from under her carport, and her husband's outboard motor was stolen. Ms. Bergeron further testified that she had served as a juror three or four years ago. That jury found the defendant guilty. Nonetheless, she testified that her judgment in this matter would not be affected in any manner by the relationships at issue nor the previous thefts. She indicated that she understood the state had the burden of proof in this matter and knew of no bias or prejudice she had which would prevent her from serving on this jury, if chosen. Ms. Bergeron was peremptorily excused by the defense.
Defendants contend the trial court should have granted their challenge for cause of prospective juror Betty Dupre because she had been the victim of a robbery, *1255 a member of her family had been mugged, and her father worked for the Terrebonne Parish Sheriff's Office for twenty-four years. Ms. Dupre testified that her foster daughter had been the victim of a mugging approximately three years ago and had been hospitalized for three days as a result of the mugging. She further testified that her business, Southland Seafood, had been robbed four or five times over a period of time. Ms. Dupre testified that she did not automatically have ill feelings toward anyone charged with a crime and that, despite the fact that she or her family had been victimized in the past, she did not feel compelled to convict anyone. She was peremptorily excused by the defense.
When viewing the testimony of Ms. Bergeron, Ms. Dupre, and the voir dire as a whole, it is evident that the trial court did not abuse its discretion. They were willing to apply the law as given by the trial court. Furthermore, their testimony indicates that they would be fair and impartial jurors. Under these circumstances, we conclude that the trial court correctly denied the defendants' challenges for cause. Consequently, these assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER FIVE
Through this assignment of error, defendants request a review of the sufficiency of the evidence to convict. In brief, defendants contend the jury's verdict was contrary to the law and evidence, in that no reasonable trier of fact could have failed to find a reasonable doubt as to their alleged guilt.
The proper method of raising the issue of insufficient evidence is by motion for postverdict judgment of acquittal pursuant to La.C.Cr.P. art. 821. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The record does not indicate defendants made such a motion. A reviewing court, despite defendant's failure to proceed properly, must consider the evidence, when the issue is briefed pursuant to a properly filed assignment of error, to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in Article 821. State v. Bell, 442 So.2d 715 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1244 (La.1984).
The standard set forth in article 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Jackson standard of Article 821 is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the finder of fact must be satisfied the overall evidence excludes every reasonable hypothesis of innocence.
The evidence reflects that the cash register contained approximately $400.00 just before defendants entered the office. Defendants requested change twice and thereby had an opportunity to observe the mechanics of operating the cash register in order to open it. Defendants were observed "around the cash register" and appeared startled by Jeffrey when they noticed he was looking at them. The other passengers did not enter the office.
Immediately after defendants and their companions departed, the cash register was found to be emptied of all the cash it had previously contained. Mitchell, the driver of the vehicle, testified that defendants offered him $50.00 to "speed up" as the group departed.[3]
After having been apprehended and transported to the Sheriff's Office, defendants were allowed individually to use the restroom. Each defendant entered the restroom unaccompanied. Thereafter, defendants were searched, but no cash money was recovered from their persons.
*1256 Thus, applying the statutory rule as to circumstantial evidence as a component of the more comprehensive reasonable doubt standard, we find that the evidence supports the trier of fact's finding of guilty of the theft as charged.[4] Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER SIX
By this assignment of error, defendants contend their sentences are excessive and that the trial court failed to follow the guidelines in La.C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). In light of the criteria expressed by Article 894.1, a review of the individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Lewis, 489 So.2d 1055, 1061 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986). Maximum sentences are imposed for the most serious violations of the described offense and for the worst offender. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Buie, 477 So.2d 157 (La.App. 1st Cir.1985).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, the trial court has wide discretion in the imposition of sentences; and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Louis, 496 So.2d 563, 568 (La.App. 1st Cir.1986).
The factors guiding the decision of the trial court are necessary for an appellate court to adequately review a sentence for excessiveness and, therefore, should be in the record. Otherwise, a sentence may appear to arbitrary or excessive and not individualized to the particular defendant. State v. Pike, 426 So.2d 1329, 1335 (La.1983). In the instant case, the trial court did not adequately state reasons for imposing sentence, nor did it articulate its review of the facts of the offense. No presentence investigation was ordered. When a trial judge fails to state adequate reasons for the sentence, a remand may be necessary. See State v. Robicheaux, 412 So.2d 1313 (La.1982)
In the instant case, defendants received sentences of two years at hard labor for their convictions of theft. When the reasons for a maximum sentence, in relation to the particular defendant and the actual offense committed, do not appear in the record, a sentence may be vacated and remanded for resentencing. See State v. Brumfield, 390 So.2d 1335, (La.1980). We conclude that the record does not contain an adeaquate explanation or justification for the instant sentences. Therefore, the instant sentences are vacated and the case is remanded for resentencing and compliance with La.C.Cr.P. art. 894.1.
For the reasons assigned, convictions are affirmed, but the sentences are vacated and the case is remanded to the district court for sentencing in accordance with the views expressed herein.
CONVICTIONS AFFIRMED. SENTENCES VACATED AND CASE REMANDED TO THE TRIAL COURT FOR RESENTENCING.
NOTES
[1] We have considered reversing on the basis of error patent for failure to properly state the grade of the offense charged. The bill of information charged defendants with the "theft of over $100.00 cash money ... in violation of La.R.S. 14:67, a felony,...." A review of the pleadings, admissions of the parties and the evidence clearly demonstrates that defendants were aware that they were being charged with theft of over $100.00 but less than $500.00. Additionally, it is equally clear that the jury had sufficient evidence to convict the defendants. Three separate grades of theft are established by the criminal code: theft of property of a value less than $100.00; theft of property of a value and more than $100.00 but less than $500.00; and theft of property valued at $500.00 or more. La.R.S. 14:67. Defendants were found guilty of theft of property of a value of more than $100.00. The sentence was the maximum penalty for theft of property of a value of more than $100.00 but less than $500.00. It is clear from a reading of the prosecution's opening and closing arguments that the defendants were prosecuted for the theft of property of a value of more than $100.00 but less than $500.00. Defendants have not raised this issue on appeal and have not shown any prejudice. We do not believe that the magic words "but less than $500.00" are necessary where there is no prejudice to the defendant. A technical insufficiency in an indictment may not be raised for the first time after conviction where the indictment fairly informed the accused of the charge against him and the defect does not prejudice him. State v. Comeaux, 408 So.2d 1099 (La.1981).

As to the verdict, the only requirement is that it must clearly convey the intentions of the jury. LSA-C.Cr.P. art. 810. Here the intention of the jury was undeniably clear. Only the magic words were omitted, which omissions take nothing away from the clarity of the jury's intention.
Additionally, we have examined the cases of State v. Bass, 509 So.2d 176 (La.App. 1st Cir. 1987), and State v. Young, 469 So.2d 1014 (La. App. 1st Cir.1985). Both of those cases are distinguishable from the case at hand because in neither of those cases was a monetary valuation alleged or proven. Therefore, in neither of those cases could the grade of the offense be determined. In the matter sub judice, the value in excess of $100.00 but less than $500.00 was clearly alleged and proven. The grade of the offense for which the defendants were tried, convicted and sentenced was never in doubt.
[2] A "BOLO" (be on the lookout) is a bulletin put out on a vehicle or subject involved in a crime. When issued, a "BOLO" is given to all police road units.
[3] Flight, following an offense, raises the inference of a "guilty mind." See State v. Davenport, 445 So.2d 1190 (La.1984).
[4] See note 1, supra.