2SHORTESS, J.
Robert C. Dyson (defendant) was charged by bill of information with illegal possession of stolen things with a value of between $100.00 and $500.00. La. R.S. 14:69.[1] He pled not guilty and, after jury trial, was found guilty as charged. He was sentenced to serve eighteen months at hard labor, which sentence was to run consecutively with any sentence he might receive if his previous probation was revoked. He appeals, alleging five assignments of error. Defendant contends the evidence was insufficient to support his conviction, the trial court improperly admitted hearsay evidence, and the trial court erred in denying his motions for a new trial and for a postverdict judgment of acquittal.
*788 FACTS
On January 4, 1997, Detective Lorenzo Rayford of the Washington Parish Sheriffs Office was contacted by defendant, who claimed to have found various items along a roadside, including numerous guns, computer equipment, and a VCR. Defendant told Rayford that while travelling with his wife and a friend, he stopped on the road to change places with one of them and observed the items on the ground. He turned the property over to the sheriffs office. Rayford was later contacted by Detective William Stogner of the sheriffs office, who was investigating the burglary of a home belonging to James Richardson and his ex-wife, Eloa. Property similar to that defendant claimed to have found had been taken from the Richard-sons’ home.
Upon obtaining a statement from defendant and his sister-in-law, Tina Wallace, a warrant was issued for defendant’s arrest. At the time of his arrest, defendant asked if everything would be “okay” if he returned the rest of the property. Additional property taken during the burglary was discovered in defendant’s home, including a television, a VCR, a camcorder and a camera. These are the four items defendant is charged with illegally possessing.
On the day of trial, James Richardson was working offshore and did not appear to testify. Mrs. Richardson was shown a photograph of the four items in question. She attempted to identify the television from the photograph. She stated the television “look[ed] like” the one owned by her ex-husband, adding, “It could, you know, it is a TV. |3A lot of TV’s look the same.” She did not identify the other three items in the photograph. A computer printout taken from a disk belonging to Mr. Richardson, which listed property by serial numbers, including the camcorder and the VCR, was introduced into evidence.

Assignments of Error Nos. 1, 2, and 3:

Assignments of error 1 and 2 raise the issue of sufficiency of the evidence. Defendant has also raised an alleged evidentiary error, that the trial court erred in admitting hearsay evidence, as assignment of error 3. If the entirety of the evidence, including erroneously-admitted evidence, is insufficient to support the conviction, defendant must be discharged as to that crime, which would moot other assignments of error.[2] If the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the reviewing court must then consider the assignments of trial error to determine whether defendant is entitled to a new trial. If the reviewing court determines there has been prejudicial trial error, defendant must receive a new trial. He is not, however, entitled to an acquittal, even though the admissible evidence, considered alone, was insufficient.[3]
 The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the State proved the essential elements of the crime and defendant’s identity as the perpetrator of that crime beyond a reasonable doubt.[4] The Jackson v. Virginia[5] standard of review incorporated in Louisiana Code of Criminal Procedure article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, Louisiana Revised Statute 15:438 provides the fact-finder must be satisfied the overall evi *789 dence excludes every reasonable hypothesis of innocence.[6]
Revised Statute 14:69(A) defines illegal possession of stolen things as:
the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
| ¿The crime thus has these elements: (1) intent, (2) possessing, procuring, receiving, or concealing stolen goods, and (3) knowledge that the goods are stolen.[7]
The State relied on the testimony of Mrs. Richardson, coupled with the computer printout, to prove the second element, that the items possessed by defendant were stolen. Defendant contends the printout was hearsay and was improperly admitted. For the purposes of our sufficiency analysis, however, we will consider the printout without regard to whether it was admissible.
■ As stated above, Mrs. Richardson identified only the television and not the other three items, and her identification of the television was very equivocal. She stated Mr. Richardson had provided greater detail about the stolen property to the sheriffs office. But Mr. Richardson did not testify.
The State attempted to bolster Mrs. Richardson’s identification with the printout. Stogner testified the camera and camcorder were not included on the printout, but he added them later. Our review of the printout, however, shows the two items added to the printout by Stogner were a “35 mm camera” and a “GE Serial # 443213822 Model # 206T320.” This was the serial number of the television.
Thus, of the four allegedly stolen items defendant possessed, only one was tentatively identified by Mrs. Richardson, and that item was not on the disk Mr. Richardson gave Stogner. We find this evidence insufficient to prove the items defendant possessed were stolen, an essential element of the crime. We must therefore reverse his conviction and render a judgment of acquittal.
CONVICTION REVERSED; JUDGMENT OF ACQUITTAL RENDERED.
WHIPPLE, J., concurs.

. Defendant was charged jointly with Tina Wallace. The charges against Wallace were severed from the bill of information when the case was tried.

. State v. Hearold, 603 So.2d 731, 734 (La.1992).

. Lockhart v. Nelson, 488 U.S. 33, 40-41, 109 S.Ct. 285, 290-291, 102 L.Ed.2d 265 (1988); Hearold, 603 So.2d at 734.

. See La.C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673, 674 (La.App. 1st Cir.1984).

. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

. State v. McLean, 525 So.2d 1251, 1255 (La. App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).

. State v. Holiday, 598 So.2d 524, 529 (La. App. 1st Cir.), writ denied, 600 So.2d 659 (La.1992).