654 So.2d 447 (1995)
STATE of Louisiana
v.
Dwayne HENDON.
No. KA 94 0516.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
James H. Looney, Covington, for defendant-appellant Dwayne Hendon.
Walter P. Reed, Covington, and William R. Campbell, Jr., New Orleans, for appellee-State of La.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
The defendant, Dwayne Hendon, was charged by bill of information with third offense driving while intoxicated (DWI), a violation of LSA-R.S. 14:98. He pled not guilty and waived the right to trial by jury. After a bench trial, the defendant was found guilty as charged. He received a sentence of one year at hard labor, without benefit of *448 parole, probation, or suspension of sentence. On appeal, the defendant alleges as his sole assignment of error that the evidence was insufficient to support the instant conviction.

FACTS
At approximately 12:30 a.m. on October 14, 1991, Deputy Mike Denardo of the St. Tammany Parish Sheriff's Department was patrolling the Slidell area as part of the State DWI Task Force. While travelling westbound on Interstate 12, he observed a truck driven by the defendant travelling at a speed of approximately 45 miles per hour. This speed was unusual because the traffic in the area was travelling at approximately 65 to 75 miles per hour. While following the defendant's truck for a distance of approximately three-quarters of a mile, Deputy Denardo observed it cross the centerline from the right lane and go halfway into the left lane and back a total of four times. Thereafter, the defendant's truck went onto the right-hand shoulder of the road. It appeared to Deputy Denardo as if the defendant made "a sudden jerk and he jerked back." At this point, Deputy Denardo executed a traffic stop of the defendant's vehicle. The defendant exited Interstate 12 at the U.S. Highway 11Pearl River exit. Deputy Denardo observed the defendant stagger as he exited his truck and walked back to the patrol car. In fact, Deputy Denardo warned the defendant to get back onto the shoulder because he had staggered out onto the highway. Deputy Denardo explained the reason for the stop and requested the defendant's driver's license. The defendant did not have his driver's license. Deputy Denardo was later informed by radio that the defendant was driving under suspension. While conversing with the defendant about his point of origin and his destination, Deputy Denardo observed a strong smell of alcoholic beverage on the defendant's breath. He advised the defendant of his Miranda rights and explained that he wanted the defendant to take a field sobriety test. However, the defendant replied that he would not take any field sobriety tests. Deputy Denardo also observed that the defendant's speech was "confusing" and concluded that the defendant was "greatly impaired." He placed the defendant under arrest and transported him to the Sheriff's Office. The defendant kept "nodding off" both in the back of the patrol car and at the Sheriff's Office. After they reached the Sheriff's Office, Deputy Denardo explained to the defendant his rights relating to a chemical test for intoxication. The defendant refused to sign the rights form and also refused to take a breath test.
At the trial, Deputy Denardo testified as the only State witness. He explained how he initially came to observe the defendant's vehicle and detailed the erratic driving which resulted in the traffic stop. Deputy Denardo then related his observations of the defendant's physical appearance, speech, and behavior which led him to conclude that the defendant was driving while intoxicated. Deputy Denardo also testified that he had been working the DWI Task Force for approximately two years, during which he had made approximately fifty to seventy DWI arrests and indicated that he had made approximately forty-two DWI arrests on regular patrol.
The defendant testified as the only defense witness. He indicated that, before his arrest, he had worked the two p.m. to ten p.m. shift at the Stone Container Plant in Jefferson Parish. He actually left work at approximately 10:35 p.m. and, on his way home to Slidell, stopped at a lounge located at the Bullard Avenue exit where he drank one and one-half beers. The defendant testified that, at the time of the traffic stop, he was driving approximately 55 miles per hour. He explained that he was blind in his left eye since birth and that Deputy Denardo was following him so closely that the headlights reflecting in the mirrors caused a problem. He further explained that when someone drives too closely behind him "[i]t makes things kind of black like (sic)." The defendant denied ever crossing the centerline. Concerning Deputy Denardo's testimony that he also went onto the right-hand shoulder, the defendant explained:
I crossed theas I was going over the overpass to exit, right on the overpass there's a lane that goes over and then goes down, when I went over that lane I kind of went over it a little bit too much and he *449 got behind me or closer, you know, he threw on his lights and siren so I moved over even further off to the side of the ramp so he could go on by because I never realized I had done anything wrong. Instead of going on by like I thought he was going to do, he stayed on my behind, so I finally stopped.
Finally, he testified that he did not believe that he was under the influence of alcohol at the time of the traffic stop.

ASSIGNMENT OF ERROR
In his only assignment of error, the defendant contends that the evidence was insufficient to support the instant conviction. We note that, in order to challenge this conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post verdict judgment of acquittal. See LSA-C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
Prior to its amendment by Acts 1994, 3rd Ex.Sess., No. 20, § 1, LSA-R.S. 14:98 A., provided, in pertinent part:
A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; ...
Initially, we note that because the defendant refused to take a breath test, the legal presumption of intoxication contained in LSA-R.S. 14:98 A.(2) is inapplicable herein. Nevertheless, in order to convict an accused of driving while intoxicated, the State need only prove that the defendant was operating a vehicle and that he was under the influence of alcohol. State v. Pitre, 532 So.2d 424, 428 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La.1989).
In his brief to this court, the defendant does not contest the fact that he was actually operating a vehicle at the time of his arrest, nor does he contest the two predicate DWI convictions. Instead, he argues that the State failed to prove that he was driving "under the influence" of alcohol. Noting that there were neither field sobriety tests nor a chemical test for intoxication, the defendant argues that the "subjective observations" of a single police officer, while raising "some inference that the defendant was intoxicated," were insufficient to prove beyond a reasonable doubt that he was under the influence of alcohol. We disagree.
Intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case by case basis. Some behavioral manifestations, independent of any scientific tests, are sufficient to support a charge of driving while intoxicated. Pitre, 532 So.2d at 428.
In the instant case, the evidence of the defendant's intoxication consisted of Deputy Denardo's observations of the defendant's erratic driving and, after the traffic stop, his observations of the defendant's *450 physical appearance, speech, and behavior. When a case involves circumstantial evidence, and the trier of fact reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Morrison, 582 So.2d 295, 303 (La.App. 1st Cir.1991).
The defendant's testimony presented a hypothesis of innocence, i.e., that his erratic driving could be explained by the fact that lights caused him some difficulty in driving since he is blind in one eye. The defendant particularly asserted that Deputy Denardo was following too closely and his headlights reflected in the defendant's mirrors, causing problems with his vision. The defendant also suggested that he was tired because he had worked a late shift. Furthermore, he admitted drinking alcohol, although he claimed to have consumed only one and one-half beers. However, even assuming that blindness in one eye caused the defendant's erratic driving and that his sleepiness was caused by working a late shift, the defendant's version of the events fails to account for Deputy Denardo's testimony that the defendant was "staggering" as he walked, that his speech was "confusing," and that he had "a strong smell of alcoholic beverage on his breath." Based upon all of his observations, Deputy Denardo concluded that the defendant was "greatly impaired."
In finding the defendant guilty as charged, the trial court obviously accepted the testimony of Deputy Denardo and rejected the defendant's testimony. As the trier of fact, the trial court was free to accept or reject, in whole or in part, the testimony of any witness. State v. Marshall, 479 So.2d 598, 603 (La.App. 1st Cir.1985). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. Marshall, 479 So.2d at 603. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finders's determination of guilt. State v. Creel, 540 So.2d 511, 514 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989).
After a careful review of the record, we find that the evidence supports the trial court's determination. We are convinced that a rational trier of fact, viewing all of the evidence as favorable to the prosecution as any rational fact finder can, could have concluded that the State proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of third offense DWI.
This assignment of error is meritless.

PATENT ERRORS
In his brief to this court, the defendant correctly observes that patent error occurred as a result of the trial court's failure to give him credit for time served or to advise him of the three year time limitation contained in LSA-C.Cr.P. art. 930.8 for the filing of post-conviction relief applications.
Neither the minutes nor the sentencing transcript show that the trial court, in imposing this sentence, gave the defendant credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. LSA-C.Cr.P. art. 880. Accordingly, we find patent sentencing error and amend the sentence to reflect that the defendant is to be given credit for time served, if any, prior to the execution of his sentence. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is to be given credit for time served.
LSA-C.Cr.P. art. 930.8 C. provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for applying for post-conviction relief. A failure to do so on the part of the trial court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. The trial court is hereby directed to give the defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of rendition of this opinion and to *451 file written proof in the record of the proceedings that the defendant received the notice. See State v. Morgan, 93-2365, p. 5 (La.App. 1 Cir. 12/22/94), 648 So.2d 1063, 1066.

CONCLUSION
For the above and foregoing reasons, we affirm defendant's conviction of third offense driving while intoxicated. We amend defendant's sentence to reflect that defendant is given credit for time served and remand with orders and instructions.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED AND REMANDED WITH ORDERS AND INSTRUCTIONS.