722 So.2d 1049 (1998)
STATE of Louisiana
v.
John Michael DAVIS.
No. 97 KA 2750.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
*1050 Jay Luke, A.D.A. and Ellen Daigle Doskey, A.D.A., Houma, for State of Louisiana.
Edward K. Bauman, Lake Charles, for Defendant-Appellant.
Before SHORTESS, C.J., and CARTER and WHIPPLE, JJ.
SHORTESS, Chief Judge.
John Michael Davis (defendant) was originally charged by bill of information with fourth-offense driving while intoxicated (DWI), La. R.S. 14:98, predicated on four prior DWI convictions. Defendant entered an initial plea of not guilty. After the trial court denied defendant's motion to quash the original bill of information, the State recharged defendant by amended bill of information, which deleted one of four predicate DWI convictions alleged in the original bill. Defendant was rearraigned, pled not guilty, and following trial by jury was convicted as charged. The trial court sentenced defendant to imprisonment at hard labor for a term of ten years, the minimum. Defendant has appealed, urging four assignments of error.
On the night of April 4, 1996, Terrebonne Parish Deputy Sheriff Bruce Coleman was on routine patrol on Bayou Gardens Boulevard in Terrebonne Parish when he observed a vehicle being driven by defendant swerve across the center line of the highway, causing several other vehicles to avoid a collision by driving onto the shoulder of the highway. Coleman stopped defendant's vehicle. According to Coleman, when defendant got out of his vehicle, he was staggering and holding on to the side of his vehicle for balance as he walked toward his police unit. Coleman noticed defendant had urinated on himself. Defendant's eyes were "real glassy," his speech was "pretty slurred," and his person and breath smelled of alcoholic beverage. When Coleman asked defendant to produce a driver's license, defendant informed him that his license had been suspended, which Coleman confirmed by contacting his office. Coleman advised defendant of his Miranda rights and spoke to defendant briefly. Defendant told Coleman he had been drinking all day. Coleman made no attempt to have defendant submit to a field-sobriety test as he concluded defendant was too impaired to take the test. Coleman also feared defendant might stagger into the highway and be struck by another vehicle during the administration of the test. When defendant was transported to the police station, defendant refused to submit to a breathalyzer test.
At trial, an expert in fingerprint analysis determined defendant's fingerprints matched those on records of the three prior DWI convictions that serve as the basis for the enhanced fourth-offense DWI charge in this case.
*1051 Defendant testified in his own defense, admitting he had been convicted of the three prior DWI offenses. However, defendant denied he had consumed any alcoholic beverages on April 4,1996. Defendant testified he had gotten into an argument with his girlfriend earlier that day and was still upset as a result of that argument at the time of the traffic stop. He also testified Coleman did not administer a field-sobriety test or ask him to submit to one; that while at the police station, he blew into a breathalyzer machine one time; that the state trooper administering the breathalyzer test told him nothing had registered on the machine and to blow into it a second time; that before he could do so, the trooper struck him in the head; and that at that point, he refused to blow into the machine a second time. Defendant denied he had urinated on himself and stated he did not believe his vehicle had crossed the center line of the highway.

ASSIGNMENT OF ERROR NO. 1:
Defendant contends the trial court erred by denying his cause challenge of prospective juror Jamie Price Weeks. Prejudice is presumed when a cause challenge is erroneously denied and the accused has exhausted his allotted peremptory challenges. A trial court's erroneous ruling in the context of exhausted peremptory challenges constitutes a substantial violation of a defendant's rights. See State v. Robertson, 92-2660, p. 3 (La.1/14/94), 630 So.2d 1278, 1280. On the other hand, under State v. Vanderpool, 493 So.2d 574, 575 (La.1986), a defendant who has not exhausted his peremptory challenges must establish that he was prejudiced by a ruling denying a cause challenge, e.g., that he was forced to hoard his remaining peremptory challenges at the cost of accepting a juror he would have peremptorily challenged.
Defendant claims his cause challenge of Weeks should have been granted based on the following responses by Weeks to the prosecutor's voir dire questioning as to whether any members of the panel had any personal problems with someone who may have driven a vehicle while intoxicated:
BY MS. WEEKS:
I am a member of Mothers Against Drunk Driving [MADD].
BY MR. LUKE:
Yes, ma'am.
BY MS. WEEKS:
I was in a wreck with a drunk driver, and I also know a little boy who was killed last year by a drunk
BY MR. LUKE:
Now, you said you were involved in an accident?
BY MS. WEEK[S]:
Yes.
BY MR. LUKE:
And were you injured in that accident?
BY MS. WEEKS:
Physically, no, not so much, but my baby was 4 weeks old and I had to take glass off of her body.
Later, defense counsel based his challenge of Weeks solely on her membership in MADD. In denying the challenge, the trial court stated it had not found during its voir dire of Weeks that she was "prejudiced either way in this matter." The court further stated it thought Weeks could accept the court's instructions, listen to the evidence, and render a fair and impartial verdict regardless of her membership in MADD. Defendant then used a peremptory challenge to exclude Weeks.
The State correctly points out that defendant used only eleven of his twelve allotted challenges. Consequently, we need not reach the issue of whether the court's ruling denying the cause challenge of Weeks was correct. See State v. Koon, 96-1208, pp. 16-17, (La.5/20/97), 704 So.2d 756, 767, cert. denied, ___ U.S. ___, 118 S.Ct. 570, ___ L.Ed.2d ___ (1997). Defense counsel told the trial court he did not use his twelfth peremptory challenge against Mary Heason, the twelfth juror, so he would not be forced to accept Chris Sherman as the final member of the jury. He used an additional allotted peremptory challenge for selection of the alternate juror to exclude Sherman. Even if the trial court should have granted the cause challenge of Weeks, defendant has not shown and the record does not reflect that he was forced to accept a questionable juror by holding his twelfth peremptory challenge to exclude Sherman. Furthermore, he has not *1052 otherwise established the requisite prejudice under State v. Vanderpool.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2:
Defendant contends the trial court erred by denying his motion to quash the State's use of the three predicate DWI's set forth in the amended bill of information charging this offense.
The original bill of information listed three separate third-offense DWI convictions of defendant in the Thirty-Second Judicial District Court that were committed in 1988 and one subsequent first-offense DWI conviction of defendant in the same court for an offense committed on July 9,1994. Although the Boykin transcript of the guilty plea to the first-offense DWI was not introduced into evidence at the hearing on defendant's motion to quash, defendant testified at the hearing that the judge who accepted the 1994 guilty plea told him his prior pleas would not be held against him and that upon conviction of a subsequent DWI he could be charged only with second-offense DWI. Defendant also testified he subsequently received notification in the mail from the Department of Public Safety and Corrections that the 1994 offense was a first-offense DWI.
At the hearing on the motion to quash, defense counsel argued defendant should be able to rely on the advice defendant allegedly received from the district court and from the Department that his record was cleansed of the three third-offense DWI convictions.[1] The State's position at the hearing was that defendant could not rely on the alleged advice. The State indicated it did not have a transcript of the Boykin examination for the 1994 offense. The State also filed the amended bill of information deleting the 1994 first-offense DWI predicate from the amended bill, leaving the three third-offense DWI predicates in the bill to support the charge of fourth-offense DWI.
In reasserting essentially the same arguments on appeal as he made at the trial court level, defendant incorrectly asserts the five-year cleansing period of Louisiana Revised Statute 14:98(F)(2) was in effect on July 9, 1994, when he committed that DWI.[2]
The trial court did not err in refusing to grant the motion to quash, since the three third-offense DWI predicates were all committed within ten years of this offense. The ten-year cleansing period of Revised Statute 14:98(F)(2) did not preclude the use of those predicate convictions to enhance this offense. Nor did any alleged advice of the district court or the Department preclude use of the third-offense predicates, since Revised Statute 14:98(F)(2) governed the use of those predicate DWI offenses for enhancement of this DWI offense.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3:
Defendant contends the trial court erred by failing to grant his motion for mistrial based upon a response given by Deputy Coleman during the prosecutor's redirect examination of Coleman.
On direct examination, Coleman testified that defendant told him he had been drinking all day. He stated he did not give defendant a field-sobriety test because he was concerned defendant might stagger into the path of an approaching vehicle while taking the test. On cross-examination, Coleman testified defendant was unable to perform the test. On redirect examination, Coleman stated he wrote "unable to perform" on a standardized field-sobriety-test form in regard to *1053 each of the four individual tests comprising the field-sobriety test because of defendant's "impaired state, from the alcohol from drinking." Defense counsel moved for a mistrial out of the jury's presence, asserting this response constituted improper opinion testimony by a lay witness. The trial court found the response was proper, overruled the objection, and denied the motion for mistrial.
There was no error by the trial court in issuing these rulings. A lay witness may testify about the behavioral manifestations of intoxication he observes. State v. Graves, 95-0578, p. 7 (La.App. 1st Cir.5/10/96), 675 So.2d 1141, 1145; State v. Hendon, 94-0516, p. 5 (La.App. 1st Cir.4/7/95), 654 So.2d 447, 449. The response that defendant was impaired from drinking alcohol was both rationally based on the perception of the witness and helpful to a clear understanding of the witness's testimony and the determination of a fact in issue, i.e., whether defendant was intoxicated at the time in question. See La. Code Evid. art. 701. Furthermore, the response did not embrace an ultimate issue to be decided by the jury, i.e., the issue of intoxication. See La.Code Evid. art. 704.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 4:
Defendant contends the evidence was insufficient to support his conviction. Defendant submits that the testimony of Coleman, together with the other evidence presented at trial, falls short of meeting the State's burden of proof.
In reviewing claims challenging the sufficiency of the evidence, this Court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La.C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
In order to convict an accused of driving while intoxicated, the State need prove only that the defendant was operating a vehicle and that he was under the influence of alcohol or drugs. State v. Graves, 95-0578, p. 7 (La.App. 1st Cir.5/10/96), 675 So.2d 1141, 1145. Regarding this charge, there is no dispute that defendant was operating a vehicle. The State proved the existence of the three predicates, and defendant admitted he committed each of them. Thus, we are concerned only with whether the State proved defendant was under the influence of alcohol.
Intoxication with its attendant behavioral manifestations is an observable condition about which a witness may testify. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. State v. Hendon, 94-0516, p. 5, (La. App. 1st Cir.4/7/95), 654 So.2d 447, 449.
Herein, the evidence of defendant's intoxication consisted of Coleman's observations of defendant's erratic driving, Coleman's observations of defendant's physical condition, speech, and behavioral manifestations, and defendant's statement to Coleman that he had been drinking all day. The trier of fact was free to accept or reject, in whole or in part, the testimony of any witness. State v. Gordon, 582 So.2d 285, 292 (La.App. 1st Cir.1991). The jury's verdict (the vote was 10-2) indicates that, after considering the credibility of the witnesses and weighing the evidence, it accepted Coleman's testimony and rejected defendant's testimony that at the time of the traffic stop he had not been drinking but was merely upset from an earlier argument with his girlfriend.
The credibility of the witnesses' testimony is a matter of weight of the evidence. The determination of the weight to be given evidence is a question of fact for the trier of fact and is not subject to appellate review. State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987). Our review of the evidence under the Jackson standard convinces us the evidence was sufficient to allow any rational trier of fact to conclude beyond a reasonable doubt and to the exclusion of any reasonable hypothesis of innocence that defendant was guilty of fourth-offense DWI.
*1054 This assignment lacks merit.
We affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] At trial, to support his position that he had been advised by the Department of the cleansing of his earlier DWI convictions, defendant introduced into evidence "Davis-1," a written notification of withdrawal of driving privileges. Davis-1 notified defendant of the exact dates of the six-month suspension of his driver's license, which was part of the sentence for his 1994 firstoffense DWI conviction, and indicated defendant would be subject to the payment of a $100.00 reinstatement fee for restoration of his driving privileges.
[2] The first-offense DWI predicate was committed after the June 21, 1993, the effective date of 1993 La. Acts, No. 669, § 1, which increased the cleansing period of Revised Statute 14:98(F)(2) from five to ten years. Defendant concedes the supreme court held in State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446, that the retroactive application of the enlarged cleansing period of Act No. 669 does not constitute a prohibited expost-facto law.