745 So.2d 1215 (1999)
STATE of Louisiana
v.
Mark A. PELAS.
No. 99 KA 0150.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
*1216 Walter P. Reed, District Attorney, Covington, LA, for State of Louisiana.
Dorothy Pendergast, Special Appeals Counsel, Metairie, LA, Douglas A. Allen, Jr., Mandeville, LA, for defendant/appellant Mark Pelas.
BEFORE: FOIL, FOGG, and GUIDRY, JJ.
GUIDRY, J.
The defendant, Mark A. Pelas, was charged by bill of information with one count of third offense driving while intoxicated, a violation of La.R.S. 14:98. He moved to quash the bill of information. The motion was denied and he pled guilty pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to five years at hard labor, with four years suspended, and with six months of the remaining year without benefit of probation, parole, or suspension of sentence. He was also placed on probation for five years subject to payment of a $2,000.00 fine, attendance of a court specified driver's improvement program/substance abuse clinic, and forfeiture of the motor vehicle operated during the offense. He was also ordered only to drive vehicles equipped with interlock devices. He now appeals, designating one assignment of error.

FACTS
No factual basis for the defendant's plea was set forth at the motion to quash hearing. However, the trial court stated, "[t]he court further finds there is a factual basis for the plea, having reviewed the record thoroughly and discussed same with counsel for the State as well as for the defense."

*1217 EX POST FACTO CLAUSE, LA.C.CR.P. ART 556.1(E), AND CONTRACT
In his sole assignment of error, the defendant contends the trial court erred when it failed to quash the bill of information because the Boykin colloquy for the predicate offenses unambiguously stated that he could not be charged with a subsequent enhanced offense after five years elapsed from the time of his arrests.[1] The defendant argues La.C.Cr.P. art. 556.1(E) must be applied retroactively, and such retroactive application renders the predicate guilty pleas relied upon by the State insufficient to enhance the instant offense. The defendant also argues the trial court's statement to him at the Boykin hearing for the predicate offenses concerning the cleansing period created a contractual obligation.
The defendant's principal argument at the hearing on his motion to quash was that retroactive application of 1993 La.Acts No. 669, § 1, which increased the cleansing period of La.R.S. 14:98(F)(2) from five to ten years, would violate the ex post facto clause. See U.S. Const. art. I, § 10; La. Const. art. I, § 23. In his brief to this court, the defendant concedes that this issue has been resolved against his position by the Louisiana Supreme Court. See State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446.
In regard to the defendant's argument concerning La.C.Cr.P. art. 556.1(E), we note that this argument is made for the first time on appeal. A new ground for a motion to quash cannot be raised on appeal. State v. Beauchamp, 510 So.2d 22, 27, n. 3, (La.App. 1st Cir.), writ denied, 512 So.2d 1176 (La.1987). Accordingly, the argument is not properly before this court and will not be considered.
Lastly, we find the defendant's contract argument to be totally without merit.
A party claiming the existence of a contract has the burden of proving that the contract was perfected between himself and his opponent. Pennington Const., Inc. v. RA Eagle Corp., 94-0575, p. 4 (La. App. 1st Cir.3/3/95), 652 So.2d 637, 639; see La.C.C. art. 1831. The defendant failed to establish that any contract was formed, or even possible, between himself and the trial court concerning the cleansing period of La.R.S. 14:98(F)(2).
A contract is formed by the consent of the parties established through offer and acceptance. La.C.C. art.1927. Thus, an enforceable contract requires a meeting of the minds. Brown v. Automotive Cas. Ins. Co., 93-2169, p. 11 (La.App. 1st Cir.10/7/94), 644 So.2d 723, 730, writ denied, 94-2748 (La.1/6/95), 648 So.2d 932. Where there is no meeting of the minds between the parties, a contract is void for lack of consent. Stockstill v. C.F. Industries, Inc., 94-2072, p. 25 (La.App. 1st Cir.12/15/95), 665 So.2d 802, 820, writ denied, 96-0149 (La.3/15/96), 669 So.2d 428.
The defendant argued that the following statement to him by the trial court at the Boykin hearing on the predicate offenses created a contractual obligation concerning the cleansing period to be applied in this matter: "`now there is a five year period of time that goes between there. So, if you have the first offense of D.W.I., and then six years later you have another one, they can't get you then for a second offense because the five year period has intervened.'"
The referenced statement was merely notice of the law. There was no intent, and, thus, no consent by the trial court to enter into a contract with the defendant.
Further, no contract was possible in regard to the cleansing period of La.R.S. 14:98. Persons may not by their juridical acts derogate from laws enacted *1218 for the protection of the public interest. Any act in derogation of such laws is an absolute nullity. La.C.C. art. 7; Travelers Ins. Co. v. Joseph, 95-0200, p. 10 (La.6/30/95), 656 So.2d 1000, 1004. An obligation cannot exist without a lawful cause. La.C.C. art.1966. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. La.C.C. art.1968; Alco Collections, Inc. v. Poirier, 95-2582, p. 11 (La.App. 1st Cir.9/27/96), 680 So.2d 735, 742, writ denied, 96-2628 (La.12/13/96), 692 So.2d 1067.
The "contract" the defendant attempted to establish would have derogated from a law enacted for the protection of the public interest, La.R.S. 14:98(F)(2), and would have produced a result prohibited by that law. See also, State v. Davis, 97-2750, p. 6 (La.App. 1st Cir.11/6/98), 722 So.2d 1049, 1052. ("Nor did any alleged advice of the district court or the Department preclude use of the third-offense predicates, since Revised Statute 14:98(F)(2) governed the use of those predicate DWI offenses for enhancement of this DWI offense.") Accordingly, this assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] This was the only "defect" in the Boykin hearing for the predicate offenses that the defendant alleged at the motion to quash hearing. The defendant quoted the statement he was relying upon from the Boykin hearing into the record.