Dear Representative Martiny:
This office is in receipt of your request for an opinion of the Attorney General in regard to statutory provisions relative to bank stock and shares under R.S. 12:52C, R.S. 6:252C and R.S. 6:416A which provide as follows:
R.S. 12:52 — Issuance of shares; consideration
 A. Par value shares may be issued initially for such consideration expressed in dollars, not less than the par value thereof, as shall be fixed by the board of directors. Shares without par value may be issued from time to time for such consideration expressed in dollars as may be fixed by the board of directors or by the shareholders by a vote of a majority of the voting power present, if the articles reserve to the shareholders the right to fix the consideration' provided however, the consideration for such shares may be initially fixed by the incorporators. Treasury shares may be disposed of by the corporation for such consideration as may be fixed from time to time by the board of directors. All fully paid shares shall be nonassessable.
 B. Shares issued (1) in payment of a stock dividend, (2) pursuant to exercise of conversion rights, (3) in exchange for, or in respect of, outstanding shares pursuant to a reclassification of stock, (4) in a merger or consolidation as provided in the merger or consolidation agreement, or (5) pursuant to the authority of R.S. 12:41(B)(9)((d) and (e) shall be considered as fully paid when so issued.
 C. The consideration for shares issued otherwise than as stated in subsection B of this section, shall be paid in cash or in corporeal or incorporeal property, or services actually rendered to the corporation, the fair value of which is not less than the dollar amount of the consideration fixed for the shares, before the shares are issued. Upon payment of the consideration therefor, such shares shall be considered as fully paid. Cash consideration for shares may not be paid by the purchaser's note, secured or unsecured, or uncertified check; and in case of delivery of such a note or check in payment for shares, the shares shall not be issued until the note or check has been paid in full. (Emphasis added.)
 D. Solely for the purpose of determining whether shares have been paid for fully, the valuation placed by the shareholders or the directors, as the case may be, upon consideration other than cash paid therefor shall be conclusive.
R.S. 6:252 — Issuance of shares; consideration
 A. Shares shall be issued initially for such consideration expressed in dollars, not less than the par value thereof, as shall be fixed in the articles as approved by the commissioner. All fully paid shares shall be nonassessable except as provided in R.S. 6:262.
 B. Shares issued in payment of a stock dividend, pursuant to exercise of conversion rights, or in a merger or consolidation as provided in the merger or consolidation agreement, shall be considered as fully paid when so issued.
 C. The consideration for shares issued otherwise than as stated in Subsection B of this Section shall be paid in cash before the shares are issued. Cash consideration for shares may not be paid by the purchaser's note, secured or unsecured, or uncertified check; and in case of delivery of such a note or check in payment for shares, the shares shall not be issued until the note or check has been paid in full.
(Emphasis added.)
 R.S. 6:416 — Loan on pledge of own stock and pledge of own stock prohibited
 A. Except as otherwise provided by rule or regulation promulgated by the commissioner, no loan shall be made by any bank to any borrower on pledge
 of the bank's own stock or the stock of its parent company. Except as provided in R.S. 6:263C and Subsection B of this Section, a state bank may not purchase or redeem any of its own stock or the stock of its parent company. (Emphasis added.)
 B. A state bank may acquire its own stock or the stock of its parent company for a debt previously contracted, in which case the stock shall not be held for more than one year, subject to extension by the commissioner.
You state that the first two statutory provisions prohibit consideration for the shares in corporate or bank stock "by the purchaser's note", and that the third prohibits the pledge of bank stock to secure a loan made by that bank.
Your question is then stated as follows:
 Do the provisions of LA.R.S. 12:52C, 6:252C and 6:416A constitute laws enacted for the protection of the public interest?
However, you then relate, "Stated differently,"
 In enacting La.R.S. 12:52C, 6:252C and 6:416A, was the legislature making a statement of public policy?
We find in Foster v. Blackwell, 747 So.2d 1203 (La.App. 1999) the court stated in regard to R.S. 12:52, "The aim of this statute, as expressed by our brethren in Hibernia Nat. Bank v. Smith, 96-1106 (La.App. 1 Cir. 6/20/97); 697 So.2d 1051, writ denied, 97-2382 (La. 1/9/99); 705 So.2d 11l1, `is to prevent corporations from issuing stock without receiving full value and thereby diluting holdings of innocent stockholders and causing reliance by creditors on false or nonexistent capital resulting from the issuance of watered stock'."
With regard to R.S. 6:416 it was observed in Morris v. People's Bank Trust, 580 So.2d 1029, (La.App. 1991) that R.S. 6:416 "prohibits a state bank from purchasing or owning, directly or indirectly, its own stock."
We note under the National Bank Act, 12 U.S.C. § 83, a national bank is prohibited from making any loan or discount on the security of the shares of its own capital stock. In this regard in Deitrick v. Greaney, U.S.Mass, 309 U.S. 480 (1940) the court found the purpose of this section was to prevent the impairment of its capital resources in the event of insolvency; and in Wallace v. Hood, 89 F. 11, affirmed 182 U.S 555 (1898) the object and policy was found to prevent reduction of the outstanding stock of national banks and the withdrawal pro tanto of its capital.
Accordingly, we would conclude that these statutes are to protect stockholders, and ultimately we believe that it is "protection of the public interest".
Moreover, these provisions further the concept of Civil Code Article 7, Laws for the preservation of the public interest, "Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity."
This Article was relied upon in State v. Pelas, 745 So.2d 1215, (La.App. 1999), where the court quoted Civil Code Article 7, and stated that the cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy, and that an obligation cannot exist without a lawful cause. It was then observed that a cause of an obligation is unlawful when enforcement would be against public policy.
We hope this sufficiently answers your request, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _____________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
CCF/bbr